Mary E. DONOHUE et al., by James Donohue, their guardian ad litem, Respondents, v. John PEPPARD and George F. McInerney, Appellants. (Supreme Court, Appellate Division, Second Department. May 12, 1916.) Appeal from Special Term, Kings County. Action by Mary E. Donohue and others against John Peppard and another. From a judgment for plaintiffs, defendants appeal. Reversed, and new trial granted.

PER CURIAM. We think that the evidence of the relations between the decedent on the one side and the defendants and her brother James on the other, and of her feeble condition, was such that the defendants were called upon to prove affirmatively that the deed was her vol-

untary act, well understood by her and performed by her without any undue influence or deception exerted upon her by any of them. The record does not clearly indicate to us that that burden was successfully borne; and, as the case evidently was not tried or decided upon that theory, but rather upon that of an oral trust agreement, we think that a new trial should be had. We conclude also that Dr. Love was incompetent as a witness to decedent's condition, under section 834 of the Code of Civil Procedure, and the objections to his testimony, taken at folios 88 to 97, should have been sustained. Judgment reversed and new trial granted, costs to abide the event, upon the ground that the following findings of fact are contrary to the evidence, viz.: (a) Findings seventh and thirteenth, so far as they find that there was any agreement on the part of the decedent that "the said property would ultimately inure to the benefit" of the plaintiffs. (b) Finding eighth. (c) The following part of finding fifteenth, viz.: "And that there was no consideration for the making of said deed." (d) The following part of finding sixteenth, viz.: "And incompetent to make said deed." (e) So much of finding seventeenth as states, in effect, that decedent executed the deed while incompetent to make it; and (f) so much of finding twentieth as states, in effect, that decedent executed the deed while incompetent to make it, and also the following part of said finding twentieth, viz.: "That the said deed held by the said defendants was only in trust for the sole use and benefit of the said infant plaintiffs, to the exclusion of the said James Donohue, individually"—and that, therefore, the conclusion of law that the deed to the defendants was in trust for the benefit of the plaintiffs is unwarranted.

